UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAUN M. KOONTZ,            )<br>                                                  )<br>            Plaintiff,              )<br>                                                  )<br>v.                                            )     Case No. 24-cv-3039<br>                                                  )<br>IDOC, *et al.*,                         )<br>                                                  )<br>            Defendants.         ) | |

## **MERIT REVIEW ORDER – THIRD AMENDED COMPLAINT**

Plaintiff, proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Graham Correctional Center. This cause is before the Court for a merit review of Plaintiff's Third Amended Complaint. (Doc. 29). The Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Third Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A. In reviewing the Third Amended Complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

### ALLEGATIONS

Plaintiff files suit against Lieutenant Chad Huber and Correctional Officer Deal. Plaintiff did not name the IDOC, Steven Kotteman, Candie Brown, and Stefanie Howard as Defendants in his Third Amended Complaint. Therefore, they are dismissed without prejudice.

1

Plaintiff alleges Defendant Deal placed him in cell A-52 of the Receiving and Classification Unit at Graham on August 8, 2023. Plaintiff noticed the toilet was filled with the previous occupant's urine, feces, and toilet paper, was emitting a strong odor, and would not flush. Plaintiff immediately called for Defendant Deal and informed about the toilet. Twenty minutes later, the facility's plumber arrived, inspected the toilet, and determined it needed a part, which would have to be ordered.

After the plumber left, Plaintiff asked Defendant Deal if he would move him to a different cell, but Defendant Deal informed Plaintiff no other cells were available and told him to push the emergency call button when he needed to use the bathroom. Plaintiff alleges other cells were available.

Plaintiff alleges he remained in cell A-52 until August 30, 2023, for at least twenty-two hours a day. Plaintiff states he pushed the emergency call button when he needed to use the bathroom, but it often took thirty minutes or more for his cell door to be opened. On a few occasions, he was not let out of his cell to use the bathroom and was forced to urinate in the toilet on top of the waste or in the sink.

Plaintiff states he wrote a letter to Defendant Huber on August 18, 2023, to inform him about the conditions and requested to move to a different cell. Defendant Huber did not respond to Plaintiff's letter. Plaintiff states that Defendant Huber oversees the placement of inmates in the Receiving and Classification Unit and is responsible for ensuring the cells are in working order.

## ANALYSIS

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an

objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). In addition, "[s]ome conditions of confinement may establish an Eighth Amendment violation in combination when each alone would not do so." *Gillis*, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834.

Here, Plaintiff alleges he was housed in a cell with an inoperable toilet filled with another inmate's urine and feces from August 8-30, 2023. Due to the length of time Plaintiff was without a functioning toilet—coupled with the fact the toilet was filled with waste and emitted a strong odor—the Court finds Plaintiff sufficiently alleged the objective component of a conditions of confinement claim. Plaintiff has also established the subjective prong because he allegedly informed Defendant Deal about conditions, but Defendant Deal refused to move Plaintiff to another cell. Plaintiff will be permitted to proceed on an Eighth Amendment conditions of confinement claim against Defendant Deal. *See Howard v. Wheaton*, 668 F. Supp. 1140, 1143 (N.D. Ill. 1987) (allowing plaintiff to proceed on an Eighth Amendment claim based on the alleged lack of a functioning toilet and hot water for 13 days); *White v. Knight*, 710 Fed. App'x 260, 261-62 (7th Cir. 2018) (While "long-term deprivations of modern toilet facilities" can potentially violate the Eighth Amendment, "temporary imposition[s]" do not.).

Plaintiff alleges he wrote a letter to Defendant Lieutenant Huber, who oversaw the Receiving and Classification Unit, about the inoperable toilet and requested to be moved, but Defendant Huber did not respond to his letter. Merely sending a letter does subject a prison official to liability under § 1983. *See Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30, 1994) (holding that a plaintiff could not establish personal involvement and subject a prison official to liability under § 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates). Plaintiff did not include any specific allegations in his Third Amended Complaint to demonstrate that Defendant Huber was personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). There is no *respondeat superior* under § 1983. In other words, Defendant Huber cannot be liable based only on his status as a supervisor. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Defendant Huber is DISMISSED WITHOUT PREJUDICE for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED:**

1. According to the Court's Merit Review of Plaintiff's Third Amended Complaint [29] under 28 U.S.C. § 1915A, this case shall proceed on an Eighth Amendment conditions of confinement claim against Defendant Deal based upon Plaintiff's allegations that he was housed in a cell with a toilet that would not flush and was filled with the previous occupant's waste from August 8-30, 2023. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2. The Clerk is directed to ADD Correctional Officer Deal as a Defendant.

3. Defendant Chad Huber is DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.

4. The Clerk is directed to TERMINATE Defendants IDOC, Chad Huber, Steven Kotteman, Candie Brown, and Stefanie Howard.

5. This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6. The Court will attempt service on Defendant by mailing a waiver of service. If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

7. Defendant shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the answer is necessary or will be considered. If Defendant has not filed an answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter a scheduling order setting discovery and dispositive motion deadlines.

8. If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of Defendant's forwarding address shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

9. This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

10. Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

11. Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. Plaintiff shall be provided a copy of all pertinent medical records upon request.

13. Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The

Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      14.      The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:   5/21/2024

                                                   s/ James E. Shadid  
                                                   James E. Shadid  
                                                   U.S. District Court Judge